UNITED STATES DISTRICT
COURT DISTRICT OF COLORADO

CASE NO.:

ACCESS 4 ALL INCORPORATED
and FABIOLA MUNOZ,

    Plaintiffs,

v.

KISHORE J. RAMJIANI D/B/A
WASDSWORTH CONVENIENCE,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, ACCESS 4 ALL INCORPORATED and FABIOLA MUNOZ, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues KISHORE J. RAMJIANI D/B/A WASDSWORTH CONVENIENCE (hereinafter "Defendant"), and as grounds alleges:

1. Ther is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, FABIOLA MUNOZ, is an individual over eighteen years of age, who

splits her time between Florida and Colorado, and is otherwise *sui juris*.

5. At all times material, Defendant, KISHORE J. RAMJIANI D/B/A WASDSWORTH CONVENIENCE, was and is an individual over eighteen years of age with a residence in Jefferson County, Colorado, and is otherwise *sui juris*. Plaintiff,, FABIOLA MUNOZ, is also a member of the Florida not for profit corporation ACCESS 4 ALL INCORPORATED.

6. Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not for Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

7. At all times material, Defendant, KISHORE J. RAMJIANI D/B/A WASDSWORTH CONVENIENCE, owned and operated a commercial gas station business at 3201 Wadsworth Boulevard, Wheat Ridge, Colorado (hereinafter the "Commercial Property"). The Commercial Property holds itself out to the public as "Wadsworth Convenience."

8. Venue is properly located in the District of Colorado because Defendant's Commercial Property is located in Jefferson County, Colorado, Defendant regularly conducts business within Jefferson County, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Jefferson County, Colorado.

## FACTUAL ALLEGATIONS

9. Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

10. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of the abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial

Property and the business therein, including the retail shopping store.

11. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12. Plaintiff, FABIOLA MUNOZ, is an individual with disabilities as defined by and pursuant to the ADA. FABIOLA MUNOZ uses a wheelchair to ambulate. FABIOLA MUNOZ is a paraplegic with a fracture of her T-12 that causes loss of use to her lower extremities. She is limited in her major life activities by such, including but not limited to walking and standing. Plaintiff, FABIOLA MUNOZ, is also a member of the Plaintiffs organization, ACCESS 4 ALL INCORPORATED, discussed below.

13. Defendant, KISHORE J. RAMJIANI D/B/A WASDSWORTH CONVENIENCE, owns, operates and oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said Commercial Property located in Jefferson County, Colorado, that is the subject of the Action.

14. The subject Commercial Property is open to the public and is located in Denver, Colorado. The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about September 1, 2021 and encountered multiple violations of the ADA that directly affected her ability to use and enjoy the property. She plans to return to and often visits the Commercial Property and the other business located within the Commercial Property, in order to avail herself of the goods and services offered to the public at the business therein, if the property/business become accessible.

15. Plaintiff visited the Commercial Property as a patron/customer, regularly visits the Commercial Property and business within the Commercial Property as a patron/customer. She attended a quarterly meeting for member of the Plaintiffs organization, ACCESS 4 ALL

INCORPORATED, as a member, as well as visited with local friends and attended a concert. She intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property.  Plaintiff spends much of her time in and near Jefferson County, Colorado, in the same state as the Commercial Property, has regularly frequented the Defendants' Commercial Property and business located within the Commercial Property for the intended purposes, and intends to return to the property within four (4) months' time of the filing of the Complaint.

16. The Plaintiff found the Commercial Property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue her patronage and use of the premises.

17. The Plaintiff, FABIOLA MUNOZ, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein.  The barriers to access at Defendants' Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered her safety.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, FABIOLA MUNOZ, and other similarly situated.

18. Plaintiff, ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation.  Members of the organization include individuals with disabilities as defined by the ADA and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of the organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Plaintiff, ACCESS 4 ALL INCORPORATED, and its members have suffered and will continue to suffer direct and indirect

injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in her or her own right. Plaintiff, FABIOLA MUNOZ, has also been discriminated against because of its association with its disabled members and their claims.

19. Defendant, KISHORE J. RAMJIANI D/B/A WASDSWORTH CONVENIENCE, owns and/or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, KISHORE J. RAMJIANI D/B/A WASDSWORTH CONVENIENCE, owns and operates is the Commercial Property business located at 3201 Wadsworth Boulevard, Wheat Ridge, Colorado.

20. Plaintiffs, ACCESS 4 ALL INCORPORATED and FABIOLA MUNOZ, have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Counts I and II of the Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure himself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property

without fear of discrimination.

## COUNT I – ADA VIOLATIONS

21. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22. Defendant, KISHORE J. RAMJIANI D/B/A WASDSWORTH CONVENIENCE, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

23. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during her visit to the Defendant's Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A. Parking

i. Accessible spaces lack clear and level aisles, they have slopes or cross slope of 3 (>2%) endangering Plaintiff when unloading and violating the ADAAG and ADAS Section 502.

ii. Plaintiff was prevented from safely exiting her vehicle at Wadsworth Convenience which lacks accessible unloading areas or (60" W x 20' L) are on 3 slopes (>2%) in violation of ADAAG Section 4.6.6 and Section 503 of the 2010 ADAS.

B. Entrance Access and Path of Travel

i.  There is no compliant route from transit, sidewalk, and parking areas for Plaintiff to access Wadsworth Convenience which violates the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405, and 406.

ii. Curb ramps at Wadsworth Convenience contain excessive slopes of 14.6 (>8.33%) preventing Plaintiff from safe unloading violating ADAAG and ADAS Section 406.

iii. Doors in Wadsworth Convenience have inadequate maneuvering clearance of 14.6 preventing use by Plaintiff violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the ADAS.

C.  Access to Goods and Services

i.  Counters are 1, in excess of 36", preventing Plaintiff from using, in violation of Section 7.2 (1) of the ADAAG.

ii. Interior paths and checkout aisles at Wadsworth Convenience lack 36' minimum clear width required by the 2010 ADAS, 1, impeding Plaintiff.

D.  Public Restrooms

i.  Sinks mounted 38 (34" max) to rims, denying access to Plaintiff violating ADAAG Sec. 4.24 and 2010 ADAS Sec. 606.

ii. Sink knee clearance 1 (27" min @ 8" deep) prevents Plaintiff from accessing sink which violates ADAAG and 2010 ADAS Sec. 306.

iii. Clear floor space is not available so Plaintiff is unable to approach restroom elements 1 < 30" x 48" violates 2010 ADAS Sec. 305.

iv. Plaintiff is unable to reach dispenser controls 52 (48" AFF max), which exceed limits in ADAAG and 2010 ADAS Sec. 308.

v. Toiler has improper centerline 28 from side wall; (16" to 18"), denying access to Plaintiff violating the 2010 ADAS.

vi. Toilet flush valve not mounted on wide side denying Plaintiff access violating ADAAG and 2010 ADAS Sec. 604.

## RELIEF SOUGHT AND THE BASIS

24. The discriminatory violations described in Paragraph 23 are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, FABIOLA MUNOZ, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

25. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff, and all other similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26.     Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.     While Defendant, KISHORE J. RAMJIANI D/B/A WASDSWORTH CONVENIENCE, as landlord and owner of the Commercial Property Business, is primarily responsible for all ADA violations listed in the Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations.

29.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation,

9

the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

30.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

31.     Pursuant to 42 U.S.C. § 12188, the Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located within the Commercial Property located in Denver, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiffs, ACCESS 4 ALL INCORPORATED and FABIOLA MUNOZ, respectfully requests that the Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is

excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: October 15, 2021

                                  **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
1600 Broadway, Suite 1600
Denver, CO  80202
Telephone:  (720) 996-3500
Facsimile:   (720) 381-0515
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com
bvirues@lawgmp.com.

By:  */s/ Anthony J. Perez*
     ANTHONY J. PEREZ
     Florida Bar No.: 535451
     BEVERLY VIRUES
     Florida Bar No.: 123713